# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTHONY TREVINO PATE,          )
                               )
            Petitioner,        )
                               )   1:10CV585
       v.                      )   1:06CR478-3
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Anthony Trevino Pate, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 150.)[1] Petitioner was indicted on one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Docket No. 1.) Petitioner proceeded to trial and was convicted on all counts. (Docket No. 58.) He was later sentenced to 212 months of imprisonment. (Docket No. 104.) Petitioner did file a direct appeal, but his conviction and sentence were affirmed. (Docket Nos. 140, 141.) Petitioner then filed his

---

[1] This and all further cites to the record are to the criminal case.

current motion under § 2255. Respondent has filed a response (Docket No. 158), Petitioner has filed a reply (Docket No. 160), and the matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.[2]

## PETITIONER'S CLAIMS

Petitioner raises three claims, all based on allegations of ineffective assistance of counsel, in his § 2255 motion. The first is that his attorney incorrectly advised him that he would receive the same amount of time if he pled guilty as if he went to trial and that he should reject a plea offer from the government. This caused him to proceed to trial and, subsequently, receive significantly more time in prison than if he had pled guilty. Petitioner's second claim asserts that his attorney improperly failed to object at sentencing when the sentencing judge engaged in factfinding that increased the maximum sentence that Petitioner faced beyond what was supported by the findings of the jury in the case. Finally, Petitioner contends that his attorney erred in not moving for acquittal or a new trial on the conspiracy count because the jury convicted Petitioner on the conspiracy charge, but did not find that the conspiracy involved more cocaine base than the 50-gram threshold alleged in the indictment.

---

[2] Petitioner also has pending a motion to amend his § 2255 motion and add an affidavit. (Docket No. 153.) That motion will be granted.

## DISCUSSION

### Claim One

Petitioner's first claim for relief alleges that his attorney persuaded him to reject a plea offer and proceed to trial by incorrectly advising him that he would receive the same sentence if he went to trial and was convicted as he would if he pled guilty. Generally, to establish a claim of ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. In making his argument in the current case, Petitioner relies on the case of *United States v. Merritt*, 102 Fed. Appx. 303 (4th Cir. 2004). There, the United States Court of Appeals for the Fourth Circuit set out the standard to be applied where there is an allegation that an attorney's misadvice regarding sentencing exposure caused a defendant to proceed to trial rather than

-3-

plead guilty.  It stated that the "inquiry requires a determination of whether [the defendant] has shown that his trial counsel provided him gross misadvice regarding his sentencing exposure, and, if so, whether but for this gross misadvice, there is a reasonable probability that [the defendant] would have accepted the plea agreement." *Id*. at 307.

Here, the parties have presented conflicting evidence regarding counsel's advice concerning a plea offer from the government.  Just prior to trial, Petitioner agreed to plead guilty pursuant to a plea agreement which was filed in the record. (Docket No. 53.)  That agreement would have allowed Petitioner to plead guilty to one of the distribution counts, have the other counts dismissed, and receive a third point of sentencing reduction under the United States Sentencing Guidelines if he qualified for a 2-point decrease for acceptance of responsibility.  It would have also required the government to withdraw an information of prior conviction already filed in the case by the government which potentially subjected Petitioner to certain statutory mandatory minimums.  However, as the plea colloquy progressed, Petitioner began to have questions and consulted with counsel off the record. He eventually chose to proceed to trial rather than plead guilty. (Docket No. 114 at 5-13.)

Petitioner has stated in a sworn affidavit that he discussed matters with his attorney, Scott Holmes, and that Holmes advised him that he faced about the same sentence whether he pled guilty or went to trial as long as he was not convicted at trial of conspiring to distribute more than 50 grams of cocaine base. (Docket No. 151, Ex. A. ¶ 7.)  Petitioner was confident that the government could not prove the 50-gram amount. (*Id*. ¶¶ 2-3.)  He states

that he chose to accept the plea anyway, but that, during the plea colloquy, he and Holmes discussed matters off the record. He states that Holmes "counseled [him] not to accept the Government's offer because [he] had nothing to loose [sic] by proceeding to trial and [he] would receive the same amount of time as explained earlier and that was only if [he] was convicted." (*Id*. ¶ 9.) Based on this alleged advice, Petitioner chose not to proceed with his guilty plea, but to instead go to trial. There he lost and received his current sentence of 212 months. Petitioner believes that his sentence would have been substantially shorter had he continued with the guilty plea instead.

Respondent has responded by supplying an affidavit from Holmes. Holmes tells a far different story than Petitioner. Holmes states that he advised Petitioner to accept the plea offer because it removed the ten-year mandatory minimum statutory sentence that he faced and avoided the possibility of a mandatory sentence of life without parole. He faced the life sentence if he went to trial and the government successfully proved more than 50 grams of drugs related to the conspiracy charge. (Docket No. 158, Ex. 1, ¶ 12.) During the plea colloquy, Petitioner began to balk at pleading guilty to the distribution count because he maintained his innocence as to that count. Holmes states that this was the subject of the off-the-record conferences. (*Id*. ¶ 14.) Holmes claims that he "strongly encouraged [Petitioner] to accept the plea offer" because of the mandatory life sentence that he could receive if he went to trial. (*Id*.) He even made sure on the record that Petitioner was informed of that potential outcome. (Docket No. 114 at 11-12.) Nevertheless, Petitioner

proceeded to trial, largely lost, and was sentenced to 212 months of imprisonment.[3] Holmes states that at no time did he ever discourage Petitioner from accepting the plea offer. (Docket No. 158, Ex. 1, ¶ 20.)

There does not appear to be any dispute that reasonable advice for an attorney to have given to Petitioner would have been to accept the government's plea offer rather than proceed to trial. However, the sworn statements of the parties have created a material factual dispute concerning whether or not Mr. Holmes actually gave that advice. Holmes says he did, while Petitioner says he did not. Therefore, an evidentiary hearing will be required to resolve that point and decide the ultimate question of ineffective assistance of counsel as alleged in Petitioner's first claim for relief. It is worth nothing that the fact that Holmes asked that it be put on the record that Petitioner understood that he faced a potential life sentence if he went to trial does strongly support Holmes' version of events. It is not enough to resolve the parties' dispute at this time, but it will pose a significant hurdle for Petitioner at the evidentiary hearing.

**Claim Two**

Petitioner's next ineffective assistance of counsel claim is that his attorney prejudiced him by failing to make an objection at sentencing that Petitioner's rights under the Sixth Amendment of the United States Constitution were violated when the sentencing judge

---

[3] Plaintiff did avoid the life sentence when the jury convicted him of the conspiracy charge, but found that less than 50 grams of cocaine base was involved.

engaged in judicial factfinding that raised Petitioner's sentence beyond the maximum supported by the findings made by the jury in convicting him. This claim is based on the fact that the jury concluded that Petitioner was responsible for twelve grams of cocaine base as to Count One, .2 grams as to Count Two, .3 grams as to Count Thirteen, and 7.9 grams as to Count 14. Despite this, the sentencing judge found that 42 grams was involved as to Count One and that, combined with the amounts from the other Counts, the total drug amount was 50.4 grams. (Docket No. 117 at 16-17.) Petitioner contends that his attorney should have objected to this finding because it increased his sentence. He cites to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005) in support of his argument.

The problem for Petitioner is that those cases forbid judicial factfinding only where is would increase the maximum *statutory* sentence or *mandatory* guidelines sentencing range. Here, the judge's factfinding did not change the statutory range, which was a sentence of up to life imprisonment as to Counts One and Fourteen (*see* 21 U.S.C. § 841(b)(1)(B)) and up to 30 years for Counts Two and Thirteen (*see* 21 U.S.C. § 841(b)(1)(C)). The use of the 50-gram total did affect Petitioner's range under the United States Sentencing Guidelines. However, those Guidelines had already been rendered advisory by *Booker* well prior to Petitioner's sentencing in 2008. There was no problem whatsoever with the factfinding and, therefore, no reason for Petitioner's attorney to object. Also, Petitioner could not have been

prejudiced because, had his attorney objected, he would not have won. This claim should be denied.

### **Claim Three**

Petitioner's third claim for relief alleges that his attorney improperly failed to move for acquittal or a new trial after the jury did not find that he conspired to distribute more than 50 grams of cocaine base as alleged in the indictment. Unfortunately for Petitioner, his attorney did make a motion for acquittal on those grounds. (Docket Nos. 59, 60.) He simply lost the motion. (Docket No. 117 at 2.) Petitioner argues in his reply brief that the motion was deficient because it did not rely on the case of *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001). However, that case was inapplicable. *Promise* dealt with the drug amounts needed to justify higher statutory sentencing ranges. It did not deal with questions of guilt or innocence or acquittal. Further, as already stated, Petitioner's sentence was calculated under the advisory Guidelines and within the statutory maximums allowed by the jury verdict as to all of his counts of conviction. Aggravated statutory sentencing ranges were not used because the jury did not make the required findings. Raising an argument under *Promise* would have been only a sentencing argument and it would not have succeeded or affected Petitioner's case. This claim should also be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion to amend (Docket No. 153) is **GRANTED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 150) be denied except as to Petitioner's first claim for relief, which is that his attorney erroneously advised him to reject the government's plea offer and proceed to trial. The case should be referred to the undersigned for an evidentiary hearing on that sole claim.

                                                  /s/ P. Trevor Sharp
                                               United States Magistrate Judge

Date: March 17, 2011